UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
(Lynchburg Division)

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| JAMES G. FIELDS and ) | |
| LINDA J. FIELDS ) | Case no. 09-62154 |
| ) | |
| Debtors ) | |

_____

| | |
|---|---|
| ) | |
| Kevin A. Mele, P.C., ) | |
| Certified Public Accountant ) | |
| ) | |
| Plaintiff ) | |
| ) | Adversary Proceeding |
| v. ) | |
| ) | Case no._____ |
| James G. Fields, ) | |
| ) | |
| Defendant ) | |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

COMES NOW THE PLAINTIFF, Kevin A. Mele, P.C., Certified Public Accountant, (hereinafter "Mele" or "Plaintiff") for purposes of having this court determine the dischargeability of the debt due under 28 U.S.C. 1334 and 11 U.S.C. 523(a)(2)(A) and is brought as an Adversary Proceeding in accordance with Fed. R. Bankr. P. 4007 and 7001 <u>et seq.</u>, and in support thereof states as follows:

1.  The Defendant, James G. Fields (hereinafter Debtor or Defendant), filed a petition under Chapter 7 of the Bankruptcy Code in this Court on July 7, 2009.  This Court has jurisdiction and venue to hear this action under 28 U.S.C. Sec. 151, 157(a), (b)(2)(I) and 1334 (b).  This is a core proceeding.

2.  The Plaintiff, Mele, is a creditor of the Debtor by reason of delivery of tax and

accounting services to the Debtor, in exchange for promise of a payment therefor from bank draws. The services rendered totaled $23,369.41, as of February 1, 2009.

3. Plaintiff had suspended delivery of services pending receipt of payment. Debtor told Plaintiff that if the tax returns which were being held to secure payment were delivered to Debtor, he would be able to make payment and would in fact make payment from bank draws, which were being held up due to non-receipt of the tax returns.

4. Plaintiff, in reliance upon the Debtor's promise of payment from a specific source, transmitted the tax returns to Debtor.

5. Debtor's representation that he would receive funds from the bank draws and pay Plaintiff was false in that (a) the bank draws were expected to be received and Debtor had no intention to make payment to Plaintiff from the funds specifically promised to Plaintiff, or (b) no draws were expected to be received from the bank as represented by Debtor, or that ( c) upon receipt of the tax returns, Debtor would have the means and ability to pay for the services, when in fact he had no means and ability to pay for the tax returns.

6. Debtor's representations were made with the intent to deceive and trick Plaintiff into providing the tax returns to Debtor with no intention or actual ability to pay for them.

7. Plaintiff's reliance upon the statements of the Debtor was justifiable in that Debtor had identified a specific source of payment, and promised payment from this source.

8. Debtor in fact made no payments to Plaintiff in exchange for receipt of the tax returns, and Plaintiff has been damaged by non-payment in the sum of $23,369.41, plus interest, attorney's fees and costs.

9. The debts for services obtained by the Defendant by false pretenses, false

representation, and intentional fraud are non-dischargeable under 11 U.S.C. §523(a)(2)(A).

10. The Defendant entered into the aforementioned transaction at a time when the Defendant was unable to meet Defendant's existing financial obligations as they became due.

11. That at the time the Debtor obtained the tax returns referred to above, Debtor represented that Debtor had the ability to pay for such tax returns, when in fact, the Debtor did not have the ability to repay the loan to Plaintiff.

12. That at the time the Debtor obtained the tax returns from Plaintiff, Debtor represented that Debtor had the intent to pay for the tax returns when, in fact, the Debtor did not intend to pay Plaintiff for the tax returns.

13. That Plaintiff justifiably relied on these representations and that Plaintiff suffered a loss as a proximate result of these representations.

14. That Debtor made said purchase referenced above under false pretenses, false representation or actual fraud, and for that reason the indebtedness to Plaintiff is non-dischargeable in bankruptcy pursuant to 11 U.S.C. §523(a)(2)(A).

WHEREFORE, your Plaintiff, Kevin A. Mele, P.C., Certified Public Accountant, respectfully requests that this Court:

1. Grant judgment against Defendant, James G. Fields, in the amount of $23,369.41, plus interest, attorney's fees and court costs.

2. Declare that the amount of the aforementioned judgment is nondischargeable in bankruptcy under the terms of 11 U.S.C. Sec. 523 (a) (2)(A).

3. Grant such other relief as the Court may consider appropriate.

**KEVIN A. MELE, P.C.,**
**CERTIFIED PUBLIC ACCOUNTANT**

By: /s/Jeffrey A. Fleischhauer
Of Counsel

Jeffrey A. Fleischhauer, Esq. (VSB# 29620)
SHENANDOAH LEGAL GROUP, P.C.
P.O. Box 75, 310 Jefferson St., S.E.
Roanoke, VA 24002-0075
(540)-344-4490
FAX 540-343-0185
jfleisch@shenlegal.com